ACCEPTED
15-25-00020-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/7/2025 4:57 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00020-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/7/2025 4:57:50 PM
CHRISTOPHER A. PRINE
Clerk

IN THE FIFTEENTH COURT OF APPEALS

---

Storable, Inc.; RedNova Labs, Inc. (d/b/a storEDGE); Sitelink
Software, LLC; Easy Storage Solutions, LLC; Bader Co.; and
Property First Group, LP,

*Appellants,*

v.

SafeLease Insurance Services, LLC,

*Appellee.*

---

On Appeal from the Third Division of the Texas Business Court
Cause No. 25-BC03A-0001

---

# APPELLANTS' RESPONSE TO MOTION TO STRIKE APPELLANTS' SUPPLEMENTAL BRIEF

---

GREENBERG TRAURIG, LLP

Dale Wainwright
State Bar No. 00000049
dale.wainwright@gtlaw.com
Justin Bernstein
State Bar No. 24105462
justin.bernstein@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
T: (512) 320-7200
F: (512) 320-7210

COUNSEL FOR APPELLANTS

**TABLE OF CONTENTS**

*Page*

TABLE OF CONTENTS ............................................................................................ ii

INTRODUCTION ................................................................................................... 1

ARGUMENT ........................................................................................................... 1

I.      Justice And Binding Case Law Require Following The Texas Supreme Court's Directions Rather Than Wasting Time While A Case Proceeds In The Wrong Forum. .................................................. 1

      A.      The Texas Supreme Court instructs courts to treat an appeal as a mandamus proceeding when efficient. ............................... 1

      B.      Permitting Storable to efficiently request mandamus relief in the alternative serves justice. ............................................. 2

      C.      The Supplement does not prejudice SafeLease. .......................... 6

II.     SafeLease's Argument About Leave Is Another Attempt To Prioritize Formality Over Efficiency. ................................................. 7

III.    Storable Requests Leave For The Supplement. .................................. 8

PRAYER .................................................................................................................. 8

CERTIFICATE OF COMPLIANCE ...................................................................... 10

CERTIFICATE OF SERVICE ............................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barina v. Barina,*
No. 03-08-00341-CV, 2008 WL 4951224 (Tex. App.—Austin Nov. 21, 2008, no pet.)...................................................................................3

*Bertucci v. Watkins,*
709 S.W.3d 534 (Tex. 2025) ...............................................................2

*CMH Homes v. Perez,*
340 S.W.3d 444 (Tex. 2011) ..........................................................1, 3, 5

*Horton v. Stovall,*
591 S.W.3d 567 (Tex. 2019) ...............................................................2

*Standard Fruit & Vegetable Co., Inc. v. Johnson,*
985 S.W.2d 62 (Tex. 1998) .................................................................7

**Rules**

Tex. R. App. P. 38.7 ..............................................................................2

## INTRODUCTION

SafeLease's Motion to Strike asks this Court to delay resolving the merits and split intertwined appellate issues into separate proceedings. During that unnecessary delay, litigation will proceed in the wrong trial court. The resulting inefficiency is precisely what the Texas Supreme Court instructed courts to avoid when it admonished courts against requiring formalities to convert an interlocutory appeal into a mandamus proceeding.

## ARGUMENT

### I. Justice And Binding Case Law Require Following The Texas Supreme Court's Directions Rather Than Wasting Time While A Case Proceeds In The Wrong Forum.

#### A. The Texas Supreme Court instructs courts to treat an appeal as a mandamus proceeding when efficient.

The Texas Supreme Court instructs that "judicial efficiency militates against requiring" appellants to take additional steps to convert their appeal into a petition for mandamus, such as having to "file a separate mandamus proceeding." *CMH Homes v. Perez*, 340 S.W.3d 444, 453–454 (Tex. 2011). Storable followed that instruction. Since a mandamus proceeding may be unnecessary, Storable efficiently filed in this interlocutory appeal a concise supplemental brief requesting that this appeal be treated as a mandamus proceeding *if* that becomes necessary. SafeLease invites this Court to defy the

Texas Supreme Court's instructions by requiring Storable to file a separate mandamus proceeding.

The Texas Supreme Court's instruction is part of the more general principle that "[r]ather than disposing of appeals based on harmless procedural defects, appellate courts should reach the merits of an appeal whenever reasonably possible." *Horton v. Stovall*, 591 S.W.3d 567 (Tex. 2019) (internal citation omitted). This Court should reach the merits of whether the business court erred by declining to remand to the district court and by issuing an improper temporary injunction.

### B. *Permitting Storable to efficiently request mandamus relief in the alternative serves justice.*

Appellants may supplement their briefs "whenever justice requires." TEX. R. APP. P. 38.7. The Texas Supreme Court explained that liberal permission to supplement is "consistent with our oft-repeated position that that a party should not lose the right to appeal because of an overly technical application of the law." *Bertucci v. Watkins*, 709 S.W.3d 534, 543 (Tex. 2025) (citation omitted) (remanding so that the court of appeals could request additional briefing or reach an issue rather than stopping at a "technical defect").

Justice requires permitting Storable to file a request for mandamus relief in this appeal rather than file a separate mandamus proceeding, for the reasons below.

First, the Supplement was filed on July 22 approximately six weeks after SafeLease filed its Response to the Interlocutory Appeal on June 6. Mandamus petitions are not barred by laches when filed many weeks or even months after the offending action was taken. *See, e.g.*, *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (holding a "two-month delay in seeking mandamus relief is not necessarily unreasonable" and that delay should not bar mandamus relief unless it prejudiced the objecting party); *In re Am. Airlines*, Inc., 634 S.W.3d 38, 43 (Tex. 2021) (a "year-long" delay did not bar mandamus relief). It would not be just or logical to permit initiation of a new separate mandamus proceeding during that time period but preclude an efficient conversion to an original proceeding by request during that same permissible period of time.

Second, while this appeal is pending, the underlying litigation is moving forward in the incorrect court because of SafeLease's improper forum shopping and violation of the statutory deadline for removal to the business court. Appellants' Br. 16–33. Justice is not served by unnecessarily

prolonging the time in which litigation proceeds in the wrong court, or by rewarding forum shopping.

Third, justice requires following the Texas Supreme Court's instructions mentioned above. It is unjust to "unnecessarily waste the parties' time and further judicial resources by requiring [Appellant] to file a separate document with the title 'petition for writ of mandamus' listed on the cover where the party has expressly requested mandamus treatment of its appeal in an uncertain legal environment." *CMH Homes*, 340 S.W.3d at 453.[1]

Fourth, the jurisdiction of this newly created Court is still being worked out through litigation and legislative amendments. In that shifting environment, it would be unjust to harshly apply rules for briefing waiver.

One indication of this uncertain environment is SafeLease's statement that it "is unclear why" Storable addresses jurisdiction over the temporary injunction. Mot. 8. As explained in the Supplement, until a clarifying amendment becomes effective on September 1, 2025, the statute authorizing

---

[1] Storable raised this point in its Supplement, which defeats SafeLease's argument that Storable failed to brief the requirement of justice. *Cf. Barina v. Barina*, No. 03-08-00341-CV, 2008 WL 4951224, at *2 (Tex. App.—Austin Nov. 21, 2008, no pet.) ("the rules of appellate procedure do not require the use of magic words to preserve error").

interlocutory appeal of orders granting temporary injunction does not explicitly mention orders of "business courts." Supp. 5 n.1. While Storable and SafeLease agree that the statute confers jurisdiction over business-court orders even before the clarifying amendment takes effect, out of an abundance of caution Storable addressed this point because this Court has an independent duty to assess its jurisdiction. It is inconsistent for SafeLease to argue that Storable waived jurisdictional issues by not briefing them earlier when SafeLease itself says "it is unclear" which jurisdictional issues require briefing.

Fifth, Storable did not know that jurisdiction would be an issue in this appeal until SafeLease raised that issue in its Appellee's Response, after which Storable's next filing addressed that issue. And Storable's position remains that this Court has sufficient jurisdiction through an interlocutory appeal. It would be unjust to find that Storable waived the issue of mandamus relief by not addressing it when Storable did not know that issue was salient.

SafeLease argues that the Supplement is unjust because it was not filed quickly enough. This ignores the intervening burdens on counsel. Those burdens include crises that SafeLease caused, such as SafeLease erroneously obtaining an order compelling production of Storable's trade-secret client

list, which required Storable to file a new petition for writ of mandamus and motion for stay.

### C. The Supplement does not prejudice SafeLease.

The effect of the Supplement is that it may allow this Court to rule against SafeLease on the merits. That is not unjust prejudice. Treating an appeal as a mandamus proceeding is not problematic because the content, length, and timing of mandamus briefing are equivalent to briefing in an interlocutory appeal. *CMH Homes*, 340 S.W.3d at 453.

SafeLease argues that the Supplement should be stricken because it followed "SafeLease's response brief—which explains the law" regarding the jurisdictional points discussed in the Supplement. Resp. 1–2. This implicitly admits that SafeLease had an adequate opportunity to brief jurisdiction in its Appellee's Response and will not be prejudiced by the timing of the Supplement.

Appellee's Response addressed jurisdiction in its first issue presented and first Argument section. For example, the Response argued that Storable cannot satisfy the requirements for mandamus relief because the business court did not commit a clear abuse of discretion. Resp. 26.

The presence of the other element for mandamus relief—no adequate remedy by appeal—cannot be reasonably disputed in this case if

interlocutory appeal is unavailable. Therefore, the fact that SafeLease has not disputed that element is not an indication that it lacked an opportunity to do so. The Supplement only addresses that element in an abundance of caution. Supp. 3–5.

SafeLease has not argued that it will be prejudiced without an opportunity to file a response to the Supplement. If SafeLease does request that opportunity, Storable would not oppose that request.

Lastly, the timing of the Supplement will not delay this proceeding because Storable timely filed its notice of appeal. Unlike delay in initiating a proceeding, which can delay all downstream events, the timing of the Supplement did not prevent this proceeding from moving forward because the filing of the notice of appeal started the preparation of the record and the briefing deadlines.

## II. SafeLease's Argument About Leave Is Another Attempt To Prioritize Formality Over Efficiency.

"**Generally**, a party must seek leave of court to file an amended or supplemental brief." *Standard Fruit & Vegetable Co., Inc. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998) (emphasis added). SafeLease's brief omits the word "Generally" in its quote of the Texas Supreme Court opinion. It argues that because Storable did not explicitly file a separate motion for leave, the Supplement must be stricken. This attempt to escape the merits should fail.

The Supplement will only become relevant "in the **alternative** this Court determines this interlocutory appeal raises an issue that can only be addressed by mandamus." Supp. Br. 1 (emphasis). Rather than waste this Court's time with a separate motion for leave that may be moot, Storable filed one document—the Supplement to Appellants' Brief—which requested mandamus relief in the alternative that this Court finds it necessary. If the Court finds that it can grant all relief requested in the interlocutory appeal without mandamus relief, then there will be no need for the arguments in the Supplement and therefore no need for the Supplement to be filed. In this situation, it is not clear that the Court welcomes motion practice.

## III. Storable Requests Leave For The Supplement.

For the avoidance of doubt, Storable moves here for leave to file the Supplement to Appellants' Brief. If this Court instructs that Storable file a separate motion for leave, Storable will of course do so.

### PRAYER

For these reasons, Storable prays that, in the alternative, if this Court determines Appellants' Brief raises an issue that must be addressed by mandamus, this Court grant Storable leave to file the Supplement to Appellants' Brief and treat this appeal as a petition for writ of mandamus to the extent necessary to adjudicate that issue.

Storable also prays for such further relief, at law or in equity, to which it may be entitled.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: */s/ Dale Wainwright*
    Dale Wainwright
    State Bar No. 00000049
    dale.wainwright@gtlaw.com
    Justin Bernstein
    State Bar No. 24105462
    justin.bernstein@gtlaw.com
    300 West 6th Street, Suite 2050
    Austin, Texas 78701
    T: (512) 320-7200
    F: (512) 320-7210

COUNSEL FOR APPELLANTS

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limitations of Tex. R. App. P. 9.4(i)(3) because this brief consists of 1,649 words as determined by Microsoft Word Count, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

*/s/ Justin Bernstein*
Justin Bernstein

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on counsel

of record by using the Court's e-filing system on the 7th day of August, 2025,

addressed as follows:

Judd E. Stone II
State Bar No. 2407670
judd@stonehilton.com
Christopher D. Hilton
State Bar No. 24087727
STONE HILTON PLLC
600 Congress Ave.,
Austin, Texas 78701
T: (737) 465-7248

Adam Locke
adam@lockelaw.com
LOCKELAW PLLC
2617 Bissonnet, Suite 503
Houston, Texas 77005
T: (713) 832-0242

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
Susanna R. Allen
State Bar No. 24126616
sallen@yettercoleman.com
Luke A. Schamel
State Bar No. 24106403
lschamel@yettercoleman.com
Shannon N. Smith
State Bar No. 24110378
ssmith@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
T: (713) 632-8000

COUNSEL FOR APPELLEE

*/s/ Dale Wainwright*
Dale Wainwright

-11-

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sylvia Dominguez on behalf of Dale Wainwright
Bar No. 49
sylvia.dominguez@gtlaw.com
Envelope ID: 104118637
Filing Code Description: Response
Filing Description: APPELLANTS RESPONSE TO MOTION TO STRIKE APPELLANTS SUPPLEMENTAL BRIEF
Status as of 8/8/2025 7:06 AM CST

Associated Case Party: Storable, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cathy Hodges | | catherine.hodges@aporter.com | 8/7/2025 4:57:50 PM | SENT |
| Dale Wainwright | | dale.wainwright@gtlaw.com | 8/7/2025 4:57:50 PM | SENT |
| Justin Bernstein | | bernsteinju@gtlaw.com | 8/7/2025 4:57:50 PM | SENT |
| Ray Torgerson | | rtorgerson@porterhedges.com | 8/7/2025 4:57:50 PM | SENT |
| Carolyn Reed | | creed@porterhedges.com | 8/7/2025 4:57:50 PM | SENT |
| Jonna Summers | | jsummers@porterhedges.com | 8/7/2025 4:57:50 PM | SENT |
| Lakshmi Kumar | | lkumar@porterhedges.com | 8/7/2025 4:57:50 PM | SENT |
| Dolores Brunelle | | dbrunelle@porterhedges.com | 8/7/2025 4:57:50 PM | SENT |
| Liza Eoff | | leoff@porterhedges.com | 8/7/2025 4:57:50 PM | SENT |
| Neil KentonAlexander | | kalexander@porterhedges.com | 8/7/2025 4:57:50 PM | SENT |

Associated Case Party: SafeLease Insurance Services, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Yetter Coleman | | efile@yettercoleman.com | 8/7/2025 4:57:50 PM | SENT |
| Adam Locke | 24083184 | adam@lockelaw.com | 8/7/2025 4:57:50 PM | SENT |
| Delonda Dean | | ddean@yettercoleman.com | 8/7/2025 4:57:50 PM | SENT |
| Cody Coll | | cody@stonehilton.com | 8/7/2025 4:57:50 PM | SENT |
| Courtney Smith | | csmith@yettercoleman.com | 8/7/2025 4:57:50 PM | SENT |
| Luke A.Schamel | | lschamel@yettercoleman.com | 8/7/2025 4:57:50 PM | SENT |
| Christopher Hilton | | chris@stonehilton.com | 8/7/2025 4:57:50 PM | SENT |
| Judd Stone | | Judd@stonehilton.com | 8/7/2025 4:57:50 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sylvia Dominguez on behalf of Dale Wainwright
Bar No. 49
sylvia.dominguez@gtlaw.com
Envelope ID: 104118637
Filing Code Description: Response
Filing Description: APPELLANTS RESPONSE TO MOTION TO STRIKE APPELLANTS SUPPLEMENTAL BRIEF
Status as of 8/8/2025 7:06 AM CST

Associated Case Party: SafeLease Insurance Services, LLC

| Judd Stone | | Judd@stonehilton.com | 8/7/2025 4:57:50 PM | SENT |
|---|---|---|---|---|
| Alyssa Smith | | asmith@yettercoleman.com | 8/7/2025 4:57:50 PM | SENT |
| Bonnie Chester | | bonnie@stonehilton.com | 8/7/2025 4:57:50 PM | SENT |
| Alexander Dvorscak | | alex@stonehilton.com | 8/7/2025 4:57:50 PM | SENT |
| Shannon Smith | | ssmith@yettercoleman.com | 8/7/2025 4:57:50 PM | SENT |
| R. Paul Yetter | | pyetter@yettercoleman.com | 8/7/2025 4:57:50 PM | SENT |
| Susanna R.Allen | | sallen@yettercoleman.com | 8/7/2025 4:57:50 PM | SENT |
| Rosalinda Luna | | rosie@stonehilton.com | 8/7/2025 4:57:50 PM | SENT |